1
2
3
4
5
6

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq. SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

7    Attorneys for Plaintiffs

8
9
10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

11
12    **Scott Schutza**,

13          Plaintiff,

14      v.

15    **McDonald's Corporation,** a
Delaware Corporation;
16    **Project M Worldwide, L.P.,** a
California Limited Partnershipand
17    Does 1-10,

18          Defendants.

19

**Case No.** **'14CV2706 JLS  BLM**

**Complaint For Damages And
Injunctive Relief For** Violations
Of: American's With Disabilities
Act; Unruh Civil Rights Act;
California Disabled Persons Act;
Negligence

20
21
22
23
24

Plaintiff Scott Schutza complains of Defendants McDonald's Corporation, a Delaware Corporation; Project M Worldwide, L.P., a California Limited Partnership; and Does 1-10 ("Defendants") and alleges as follows:

25
26
27
28

**PARTIES**:

1.   Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

1

Complaint

2.   Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for the McDonald's restaurant ("Restaurant") located at or about 2646 Jamacha Road, El Cajon, California.

3.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5.   Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

7.   The Plaintiff went to the Restaurant once in September 2014 and once in October 2014 to eat.

8.   The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

9.   Parking spaces are one of the facilities, privileges and advantages offered by defendants to their customers at the Restaurant.

10. The parking stall and access aisles for use by persons with disabilities are not level with each other because there is a built up curb ramp that runs into the access aisle and parking stall in front of the Restaurant. This results in slopes greater than 2%.

11. Defendants have no policy or procedure in place to make sure that the accessible parking spaces are useable in the parking lot. As such, the parking spaces reserved for disabled persons are not compliant and not available for persons with disabilities.

12. The plaintiff personally encountered this problem. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty.

13. Because the Restaurant is located near plaintiff's home, the plaintiff will continue to be discriminated against until defendants cure the inaccessible conditions that exist here. Plaintiff would like to return to the Restaurant in the future. In fact, this Restaurant is conveniently located so plaintiff will likely continue to want to visit this location on an ongoing basis.

14. The defendants have failed to maintain in working and useable condition those features required to provide ready access to persons with disabilities.

15. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site

Complaint

that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 506 F.3d 1191 (9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

16. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

17. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

18. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

      a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford

Complaint

goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the accessibility standards found at 28 C.F.R., Part 36, Appendix "D" sometimes called the "ADAAG" and referred to in this complaint as the "1991 Standards".

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

19. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.2.

20. Here, the access aisle is not level and has a ramp taking up part of the access aisle. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4

21. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be

Complaint

1 readily accessible to and usable by persons with disabilities. 28 C.F.R. §
2 36.211(a).

3 22. Here, the failure to ensure that the accessible facilities were available
4 and ready to be used by the plaintiff is a violation of the law.

5

6 **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH**
7 **CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants)
8 (Cal Civ § 51-53)

9 23. Plaintiff repleads and incorporates by reference, as if fully set forth
10 again herein, the allegations contained in all prior paragraphs of this
11 complaint.

12 24. Because the defendants violated the plaintiffs' rights under the ADA,
13 they also violated the Unruh Civil Rights Act and are liable for damages.
14 (Civ. Code § 51(f), 52(a).)

15 25. Because the violation of the Unruh Civil Rights Act resulted in
16 difficulty, discomfort or embarrassment for the plaintiffs, the defendants are
17 also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code §
18 55.56(a)-(c).)

19

20 **III. THIRD CAUSE OF ACTION: VIOLATION OF THE**
21 **CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiffs and
22 against all defendants) (Cal Civ.§ 54-54.8)

23 26. Plaintiff repleads and incorporates by reference, as if fully set forth
24 again herein, the allegations contained in all prior paragraphs of this
25 complaint.

26 27. Because the defendants violated the plaintiff's rights under the ADA,
27 they also violated the Disabled Persons Act and are liable for damages. (Civ.
28 Code § 54.1(d), 54.3(a).)

Complaint

28. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

7

Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

Dated: November 11, 2014        CENTER FOR DISABILITY ACCESS

By:_____

Mark Potter, Esq.
Attorneys for Plaintiff

8

Complaint